PETROPLUS, JUDGE:
The above captioned claims have been consolidated and represent claims for damages to real estate in Webster Springs, Webster County, West Virginia, allegedly resulting from the negligence of the respondent in designing, constructing, and maintaining the drainage system in the improvement of a State highway described as Route 20, running from Webster Springs to Buckhannon. The road ran through a mountainside known as Miller Mountain and the claimant’s property consisted of two dwellings erected on the side of the road on land that was on a lower elevation of the hillside slope than the land opposite from the property affected. For many years the drainage of water from the mountainside found its way through a ditch on the other side of the road, to the lower level of the mountain eventually reaching a fork of what is known as Elk River.
At the time the road was widened and improved the ditch on the opposite side of the road from the claimant’s property appeared to provide adequate drainage of surface water which emptied through a culvert under the road on to the property of the claimant with a minimum amount of erosion as the water passed through the claimant’s land. After the State made the improvements the ditch was *84 removed and open drainage was provided on the side of the road over the paved portion. A number of heavy rainfalls in the spring and summer of 1972 caused an overflow of water from the hillside and the road surface, to be directed in heavy volume on to the claimant’s property with attendant debris and rocks resulting in damages.
On the evidence submitted it was established by the claimant by a preponderance of the evidence that inadequate drainage and failure to provide culverts for the new road was the proximate cause of the flooding of the property. Windows were broken, the foundation was undermined, doors were twisted, and a porch on one of the dwellings started to sag.
It is a finding of fact by this Court that the respondent failed to design and provide adequate drainage for the road improvement, and that a reasonably prudent contractor should have foreseen that the removal of the old ditch line without replacing it with another form of suitable drainage would subject the property of the claimant to overflows, carrying debris and thrusting it towards the property.
Having made a finding of negligence and proximate cause, the next question before the Court was proper compensation for the damages to the property. Some of the damage was repaired and repair bills were submitted aggregating approximately $833.00 for labor and materials that were used in the repair of the property. A substantial part of the damage to one of the dwellings had not been repaired at the time the claim was filed. Photographs were offered as exhibits depicting the condition of the property. An estimate was submitted prepared by a contractor indicating that an amount of $1,469.20 would be required to restore the property to a tenantable condition. This Court has repeatedly held that where damages to real estate are involved the Court will follow the rule adopted in West Virginia for the measure of damages set forth in various decisions of the Supreme Court of Appeals. The measure of damages is the difference between the fair market value of the property immediately before the mishap compared to its fair market value after the mishap. The cost of repairing the property is admissible in order to assist the Court to evaluate the damage and support the difference in market values which is a true measure of damages. No appraisals of the property before and after the damage were presented, and in order to do justice the case was kept open and the claimant was given the op *85 portunity to submit this evidence by deposition at a later date. A deposition was filed, made by a licensed real estate agent from Webster County. Although the deposition was not as satisfactory as it should be, it did have sufficient probative value to be considered by the Court on the issue of damages. Compensatory damages for the injury to the property caused by the omission of the State will be measured by the diminution in the market value of the property and not exclusively on the cost of repairing or restoring the property to its former condition with new and better materials.
On the evidence before the Court relating to damages an award in the amount of $2,163.00 will be made to the claimant for both the repaired and unrepaired dwellings.
Claims are allowed in the amount of $2,163.00.