GARDEN, JUDGE:
In 1972 the claimant was the owner of certain real estate adjacent to Route 52 in Mingo County between the Towns of Gilbert and *105 Justice, the same having been devised to her in 1966 by her aunt, Josie I. Pratt. This real estate consisted of two separate and distinct tracts, one on each side of Route 52 which, near these properties, runs in an easterly-westerly direction. On the south side of Route 52, the claimant owned four lots upon two of which were constructed small five-room residences. These lots will be hereinafter described as Parcel 1. Just east of Parcel 1 and on the north side of Route 52, the claimant owned about eight acres upon which was constructed a much larger residence and several out-buildings. This property will be hereinafter referred to as Parcel 2.
The testimony disclosed that when the respondent constructed Route 52 in 1925, a culvert was constructed under Route 52 which carried surface water from Parcel 1 and the mountain area behind Parcel 1, and then through a drain to the Guyandotte River, located some 300 feet north of and running parallel to Route 52. The respondent in 1925, also constructed an additional culvert under Route 52 to the east of the above-mentioned culvert and which discharged surface water upon Parcel 2. Apparently, the volume of water through this culvert was minimal, and the water so flowing through this culvert meandered through Parcel 2 in a small ditch to the Guyandotte River.
Early in 1972 this area experienced a rather severe rainfall and resultant flood. Apparently, the culvert arid drain constructed in. the area of Parcel 1 caused considerable .flooding in the building then owned by the Bailey Lumber Company which was located north of Route 52 and directly across Route 52 from Parcel 1. As a result of this flooding, either the Bailey Lumber Company or the respondent concreted the culvert near the north side of Route 52. As a result, the surface water which ordinarily would have flowed through this culvert was backed up and into the basements of the two residences on Parcel 1. Additionally, the water then flowed on the southerly side of Route 52 in an easterly direction to the culvert near Parcel 2. Because of the resultant large flow of water through this culvert, waters inundated Parcel 2 owned by claimant on each occasion of a heavy rainfall. Claimant called this condition to the attention of respondent by letter, but respondent took no action to remedy the problem.
While there was no direct evidence presented that the respondent concreted the culvert at its end near the Bailey Lumber Company and even assuming that respondent did not do the *106 concreting, we are of opinion that liability for the damage to claimant’s properties must rest with respondent. This Court has held where an open ditch which has served as adequate drainage for a road was removed in widening the road and caused flooding, the inadequate drainage provisions were the proximate cause of damages to claimant’s property. Osborne v. Department of Highways, 10 Ct. Cl. 83. Even if respondent did not do the concreting, having been notified of the fact and failing to take appropriate remedial action, we feel liability must be cast upon respondent.
Claimant testified that she sold Parcel 1 in November of 1973, one month after she filed this claim, for $8,500.00. She was of opinion that before the flooding, the property had a fair market value of $12,500.00, and thus she had sustained a loss of $4,000.00 by reason of the continual flooding. In respect to Parcel 2, she was of the opinion that this property had depreciated $2,000.00 in value. Mrs. Gannon testified that while she has resided in Greenville, South Carolina, for the past six years, that for a period of seventeen (17) years, she sold real estate in the Charleston area for the Fred W. Smith Company, and we are of opinion that she was qualified to express an opinion as to valuation in respect to her property.
The respondent’s only witness, Gary Tokarcik, testified in respect to damages. Mr. Tokarcik, a graduate of Fairmont State College and a former staff appraiser of respondent for over five years, testified that he had examined the subject properties and had made an examination of sales of comparable properties in Mingo County, and that he was of opinion that each parcel had suffered damage in diminution of market value as a result of flooding since the improper concreting of the culvert. In his opinion, Parcel 1 and Parcel 2 suffered diminutions in market value of $2,000.00 and $1,450.00 respectively.
We are of opinion to accord greater weight to respondent’s witness as to damages, because we feel his qualifications in this area are higher than those of claimant’s. We conclude that Parcel 1 and Parcel 2 have been damaged as a result of respondent’s negligence in the amounts of $2,000.00 and $1,450.00 respectively.
Award of $3,450.00.