GARDEN, JUDGE:
Claimants are residents of the Oakbrook Drive subdivision in Mineral Wells, West Virginia. Prior to July of 1980, Oak-brook Drive was an unpaved road which was not a part of the State road system. The homeowners on Oakbrook Drive petitioned respondent to bring the road into the State system. *285 This was done in early 1980. Shortly after, the homeowners requested that respondent pave the road, but were told there were insufficient funds to do this work. By an informal agreement, however, the homeowners agreed to pay for the .paving, and respondent agreed to provide the necessary engineering and a drainage system. The road was paved by a third party in July and August of 1980, but the drainage system was not installed. August 18, 1980 brought the first significant rainstorm since the road was completed. Claimants’ family room and basement were flooded. They seek $3,395.37 for damages sustained by respondent’s failure to provide adequate drainage.
Claimant Mark Hissam testified that the agreement provided that the drainage system would be installed before the road. Respondent failed to put in the drainage system before the road was completed. The only change made to the existing system was to put a 15-inch pipe under the road. This pipe, however, fed into an existing 8-inch drain line. When the August 18 rainstorm occurred, water backed up in several homeowners’ yards and flowed down claimants’ driveway into their house. Mr. Hissam stated that he had expressed fears that flooding would occur to respondent’s employees. There had never been a flooding problem before respondent’s work, and there has been no flooding since respondent completed a new drainage system.
Respondent’s witness, Kenneth Webb, an engineer in respondent’s employ, testified that respondent acquired right-of-ways for a drainage system, but did not install drainage at the time of paving because it was felt the existing system was sufficient. A gap was left between the 15-inch and 8-inch pipes to allow any overflow of water to drain over the land as it had previously. Mr. Webb stated that construction work then being done on Mr. Hissam’s driveway was the cause of the flooding.
The Court finds that respondent failed to design and provide adequate drainage for the road improvement and that this negligence was the proximate cause of claimants’ damages.
This Court has previously held that when respondent fails *286 to design and provide adequate drainage, and a reasonably prudent person would have foreseen that damage would occur without proper drainage, an award for damages will be made. Osborne v. Dept. of Highways, 10 Ct.Cl. 83 (1974). Claimants’ evidence indicated that their damage amounted to $3,395.37.
Award of $3,395.37.